# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ROBERT STRICKLAND, | ) | CASE NO. 1:19-cv-2899 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| PETER A. SPITALIERI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Bryan Robert Strickland ("Strickland") filed this action in the Cuyahoga County Court of Common Pleas, and was removed by defendant Peter A. Spitalieri ("Spitalieri"). (Doc. No. 1.) Pending before the Court is Spitalieri's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 7), and Strickland's motion for a continuance (Doc. No. 8).

For the reasons that follow, Strickland's motion for a continuance is denied and Spitalieri's motion to dismiss is granted.

**A. Background**

Strickland commenced this action in the Cuyahoga County Court of Common Pleas. The caption of his complaint describes this case as a copyright and trademark action. (Doc. No. 1 at 6-13.[1]) Strickland alleges that he delivered an "International Promissory Note" to Spitalieri to discharge a debt of $226.64. (*Id.* ¶ 3, 4.) Along with the promissory note, Strickland included a "Copyright warning letter stating not to use the Copyright name and the pubic sight were [sic] the defendant could read about the copyright." (*Id.* ¶ 5.)

---

[1] Page number references are to page identification number generated by the Court's electronic docketing system.

Strickland states that Spitalieri violated his copyright and trademark rights on or before September 12, 2018, which are "recorded on public sight" at [www.nationalpublicrecordregistry.com](www.nationalpublicrecordregistry.com), but does not otherwise identify the copyright and trademark at issue here. (*Id.* ¶ 7, 8.) Strickland states that the copyright document and Spitalieri's use of his copyright and trademark are attached to the complaint. (*See id.* ¶ 8, 10, 11.) But the only attachment to the complaint is a document titled by Strickland as "Legal Precedents" and consists of what he describes as "bill of rights" excerpts from numerous state constitutions. (*See id*. at 8-13.) For relief, Strickland seeks monetary damages. (*Id.* ¶ 9.)

In his Rule 12(b)(6) motion to dismiss, Spitalieri provides background information regarding events Strickland alludes to in the complaint. A company called CELCO collects debts for the State of Ohio and was offered a promissory note by Strickland to satisfy a debt he owed to the State. Spitalieri, the owner of CELCO, believes the instant action was brought by Strickland as a defense to the debt owed to the State. (Doc. 7 at 1, 6.)

In support of the motion, Spitalieri agues there are no allegations in the complaint that identify the registration of the copyright or trademark upon which Strickland bases his allegations, describe how Spitalieri violated Strickland's copyright and trademark, or describe any other conduct by Spitalieri that allegedly imparts liability. (*See id*. at 3-4.) In addition, Spitalieri contends that this action is entirely without merit and seeks attorney fees. (*Id.* at 5-6.)

The motion to dismiss was filed on January 7, 2020. Strickland did not respond to Spitalieri's motion. Rather, on March 13, 2020, Strickland filed a motion for a continuance because he is having hip replacement surgery on March 17, 2020 and there is an eight-week recovery period. (Doc. No. 8.) Spitalieri opposed Strickland's motion for an unspecified

continuance on the grounds that Strickland offers no justification as to why he could not respond to Spitalieri's motion in a timely manner or before his hip replacement surgery. (Doc. No. 9.)

## B. Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), clarified the law regarding what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 545. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. at 555. While the Court is required to construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The "plausibility" requirement is satisfied when plaintiff pleads factual content that allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*.

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Strickland's behalf and he must allege "more than bare assertions of legal conclusions ... to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (internal quotation marks and citations omitted).

**C. Analysis**

***Strickland's motion for a continuance is denied***

Before analyzing Spitalieri's dispositive motion, the Court will consider Strickland's motion for a continuance, which the Court construes as a request for an extension of time to respond to Spitalieri's motion to dismiss.[2] Local Rule 7.1(d) requires plaintiff to oppose defendant's motion within thirty (30) days after service.[3] L.R. 7.1(d) ("Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion and within fourteen (14) days after service of any non-dispositive motion.").

Although *pro se* litigants are generally allowed more leeway than individuals represented by counsel, such leeway has its limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs are obligated to be aware of and comply with procedural rules applicable

---

[2] To the extent that Spitalieri is requesting a stay of this case for an indeterminate period, that request is denied.

[3] According to the motion, it was served upon Strickland at his address of record by regular U.S. Mail.

to their case. The fact that Strickland is proceeding *pro se* does not justify his noncompliance with Local Rule 7.1(d). *See Needham v. Butler Cty. Jail*, No. 1:19-CV-294, 2019 WL 5899326, at *2 (S.D. Ohio Nov. 12, 2019) ("Plaintiff is forewarned that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure[.]"), *report and recommendation adopted,* No. 1:19CV294, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019); *Hunter v. Lockland City Sch.*, No. 1:16-CV-418, 2016 WL 4471687, at *2 (S.D. Ohio July 27, 2016) ("[T]he undersigned reminds Plaintiff that his *pro se* status does not excuse him from his obligations to comply with all local and federal rules of civil procedure[.]"), *report and recommendation adopted,* No. 1:16CV418, 2016 WL 4468251 (S.D. Ohio Aug. 24, 2016).

Moreover, in his motion for a continuance, Strickland offers no reason, justification, or explanation for his failure to timely respond to Spitalieri's motion to dismiss nor explain his belated request for an extension of time.[4] Accordingly, Strickland's motion for a continuance is denied. *See Famularcano v. SanMar Corp.*, No. 1:10-CV-511, 2012 WL 4180417, at *2 (S.D. Ohio Sept. 18, 2012) (denying plaintiff's motion for an extension of time to respond to defendant's summary judgment motion where "plaintiff offers no justification whatsoever for the requested extension, nor any explanation for her failure to file a response to the motion for summary judgment."), *report and recommendation adopted,* No. 1:10-CV-00511, 2012 WL 4848974 (S.D. Ohio Oct. 11, 2012).

---

[4] *See* Fed. R. Civ. P 6(b):

> *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

### *Spitalieri's motion to dismiss is granted*

### *Copyright infringement*

Strickland alleges that Spitalieri violated his copyright and trademark. Copyright infringement occurs when anyone "'violates any of the exclusive rights of the copyright owner.'" *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting 17 U.S.C. § 501(a)). "Copyright infringement has two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" *Id.* (citing *Stromback v. New Line Cinema,* 384 F.3d 283, 293 (6th Cir. 2004) (citation and quotation marks omitted)). Strickland alleges that he owns a valid copyright and that Spitalieri has infringed that copyright. But these allegations are simply legal conclusions masquerading as factual allegations and are insufficient to state a plausible claim for relief. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice [to state a plausible claim for relief].") (citation omitted).

Even with the benefit of liberal construction, Strickland does not plead factual allegations that allow the Court to draw the reasonable inference that Spitalieri is liable for copyright infringement. *See Iqbal*, 556 U.S. at 678. Accordingly, Spitalieri's Rule 12(b)(6) motion to dismiss Strickland's copyright infringement claim is granted.

### *Trademark infringement*

With respect to his trademark infringement claim, to the extent that Strickland is asserting a claim for trademark infringement under the federal Lanham Act, he fails to state a plausible

claim upon which relief may be granted.[5] The elements of a trademark infringement claim set forth in the statute are that (1) the plaintiff is an owner of a registered mark, (2) the defendant uses the mark in commerce, and (3) the use is likely to cause confusion. *See Accelerated Analytics, LLC v. Int'l Bus. Machines Corp.*, No. 1:15 CV 401, 2015 WL 3828077, at *3 (N.D. Ohio June 19, 2015) (citing 15 U.S.C. § 1114(1)(a)); *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 673 (N.D. Ohio 2016) (same). As with his copyright infringement claim, Strickland simply states in conclusory fashion that he owns a trademark (which he does not identify) and Spitalieri has infringed his trademark but asserts no factual allegations from which the Court could draw the reasonable inference that the first two elements of a trademark claim have been plausibly alleged. "The 'touchstone of liability' for trademark infringement under 15 U.S.C. § 1114 'is whether defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.'" *Zinganything, LLC*, 158 F. Supp. 3d at 673 (quoting *The Ohio State Univ. v. Skreened Ltd.*, 16 F.Supp.3d 905, 910 (S.D. Ohio 2014) (citation omitted)). The complaint is devoid of allegations regarding the third element of a Lanham Act trademark infringement claim.

Even with the benefit of liberal construction, Strickland does not plead factual allegations that allow the Court to draw the reasonable inference that Spitalieri is liable for trademark infringement. *See Iqbal*, 556 U.S. at 678. Accordingly, Spitalieri's Rule 12(b)(6) motion to dismiss Strickland's trademark infringement claim is granted.

### *Spitalieri's request for attorney fees is denied*

---

[5] To the extent that Strickland is asserting a trademark infringement claim pursuant to Ohio law, the analysis of that claim is the same as the analysis of a federal Lanham Act claim. *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880-81 (S.D. Ohio 2007) (collecting cases).

Spitalieri seeks attorney fees pursuant to section 505 of the Copyright Act and the Lanham Act (15 U.S.C. §1117(a)). (Doc. No. 7 at 57-58.) As Spitalieri recognizes, an award of attorney fees is a matter for the Court's discretion considering the totality of the circumstances. *See id*. Because Strickland is proceeding *pro se*, "the Court must also consider the directive that district courts should afford the papers submitted by a *pro se* litigant 'some leniency' when determining whether attorney fees should be accessed against that litigant." *See Deutsche Bank Nat'l Tr. Co. v. Wolf*, No. 1:15-CV-814, 2016 WL 1690697, at *1 (S.D. Ohio Apr. 26, 2016) ("Given that the Wolf Defendants are proceeding *pro se*, the Court declines to exercise its discretion to award fees on the basis that seeking removal was objectively unreasonable.") (citing *Williams v. City of Southfield*, 99 F. App'x 44, 46 (6th Cir. 2004) (The fact that a *pro se* plaintiff's complaint cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees and, although plaintiff's complaint was ultimately dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the dismissal was in large part a result of plaintiff's failure to properly plead his claims against the defendants.)).

Given Strickland's *pro se* status and simple failure to properly plead the elements of his copyright and trademark infringement claims, the Court declines to exercise its discretion to award attorney fees to Spitalieri under the Copyright Act or under the Lanham Act.

**D. Conclusion**

For all the foregoing reasons, Strickland's motion for a continuance is denied. Further, Spitalieri's motion to dismiss is granted, and this case is dismissed and closed.

**IT IS SO ORDERED.**


Date:  April 2, 2020
S/ Pamela A. Barker
Pamela A. Barker
U.S. District Judge